IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Mark Stogner, #273665,      ) | C/A No.: 1:12-2432-TMC-SVH |
| ) | |
| Petitioner,      ) | |
| ) | |
| vs.      ) | |
| ) | REPORT AND RECOMMENDATION |
| John R. Pate, Warden Allendale      ) | |
| Correctional Institution,      ) | |
| ) | |
| Respondent.      ) | |
| ) | |

Petitioner Christopher Mark Stogner is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against Warden John R. Pate ("Respondent"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #11, #12]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #13]. Petitioner filed a response on February 1, 2013. [Entry #21]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Factual and Procedural Background

Petitioner was charged with the armed robbery of a bank on December 3, 1996, in Swansea, South Carolina. Two eyewitnesses identified Petitioner as the perpetrator in a photo lineup [Entry #11-1 at 135–141, #11-2 at 82–84, 99–100] and in the courtroom [Entry #11-2 at 84, 101]. Witnesses described Petitioner as a white male, 5'3" to 5'4", and weighing 135–150 lbs. [Entry #11-2 at 80]. They further testified that Petitioner pointed a gun at a bank teller and demanded money, and that the teller gave him a bag of money with a dye pack that activated in the parking lot. [Entry #11-2 at 77–78]. The jury was also presented with video surveillance of the perpetrator with a gun in his hand robbing the bank. [Entry #11-2 at 85 *et seq.*].

Petitioner was indicted by the Lexington County grand jury in April 2004 for armed robbery (2004-GS-32-2396). [Entry #11-3 at 90–91]. Petitioner was initially represented by Jack Duncan, Esq. The presiding Circuit Court Judge Marc H. Westbrook granted Petitioner's motion to represent himself *pro se* at a jury trial[1] on April 28–29, 2004. [Entry #11-1 at 3 *et seq.*]. The jury convicted Petitioner as charged and Judge Westbrook sentenced him to 25 years. [Entry #11-3 at 63–64, 72]. Judge Westbrook heard and denied Petitioner's *pro se* motion for reconsideration of the sentence on June 9, 2004. [Entry #11-3 at 72–87].

---

[1]  Petitioner's first trial was vacated on appeal for the trial court's lack of subject matter jurisdiction because the armed robbery indictment was defective. [Entry #11-23 at 73–74].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Eleanor Duffy Cleary of the South Carolina Commission on Appellate Defense who filed an *Anders*[2] brief raising the following issue: "Was the *Allen* charge given to the deadlocked jury unconstitutionally coercive in light of the judge's specific inquiry into their numerical division?"   [Entry #11-7 at 4].   Attorney Cleary certified to the court that the appeal was without merit and asked to be relieved as counsel. [Entry #11-7 at 10]. In Petitioner's *pro se* response to the *Anders* brief, he presented the following fourteen issues:

1. Did the trial judge err in not allowing Petitioner to call opposing counsel to testify?
2. Did the prosecutor violate Petitioner's Fifth and Sixth amendment rights and South Carolina law when he failed to disclose a new indictment?
3. Did the prosecutor err when after he *nolle prosequi* attempted armed robbery indictment, he sought armed robbery indictment?
4. Was the Allen charge given to the deadlocked jury unconstitutionally coercive?
5. Did the trial judge err in not granting the motion for a mistrial when the solicitor mentioned a prior jury?
6. Was there a "reasonable likelihood" that Petitioner's conviction constituted vindictiveness on the part of the prosecutor and trial judge?
7. Did the trial judge err by not granting Petitioner's motion to dismiss on the grounds of the State failing to collect and preserve exculpatory evidence?
8. Did the trial judge err in allowing computer generated evidence into evidence that was not consistent with prior testimony?
9. Did the trial judge err when he allowed Petitioner to proceed *pro se*?

---

[2] *Anders v. California*, 386 U.S. 738 (1967).  *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  *Anders*, 386 U.S. at 744.

  10. Did the trial judge err in allowing the photo lineup into evidence?
  11. Did the trial judge err in allowing a photo lineup into evidence that contained mugshots?
  12. Did the trial judge err in allowing a state's expert witness to testify?
  13. Was the prosecutor's statement in closing arguments improper?
  14. Did the trial judge err in not granting Petitioner's mistrial motion when the solicitor commented on his Fifth Amendment right to remain silent and his attempt to shift the burden to Petitioner?

[Entry #11-5 at 7–8].

On January 5, 2006, the Court of Appeals filed an unpublished decision dismissing Petitioner's appeal pursuant to the *Anders* procedure and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), and granted counsel's petition to be relieved. [Entry #11-10]. The remittitur was issued on January 23, 2006. [Entry #11-11].

Petitioner filed an application for post-conviction relief ("PCR") on July 6, 2006, raising grounds of ineffective assistance of counsel for, *inter alia*, failing to prepare for trial, failing to interview alibi witnesses, and failing to meet with Petitioner a sufficient number of times. [Entry #11-3 at 92–115].

A PCR evidentiary hearing was held before the Honorable Thomas A. Russo, Circuit Court Judge, on November 19, 2008, at which Petitioner and his PCR attorney, Charles Brooks, Esq., appeared. [Entry #11-3 at 121–161]. Attorney Brooks presented testimony from Petitioner and former trial counsel, Mr. Duncan. [Entry #11-3 at 123–156].

On January 29, 2009, Judge Russo filed an order of dismissal, addressing Petitioner's claims that (1) trial counsel was ineffective for not moving to quash the armed robbery indictment that the prosecutor allegedly failed to timely disclose; (2) trial counsel

4

was ineffective for not being prepared for trial; and (3) appellate counsel was ineffective for failing to raise on appeal an alleged constitutional violation resulting from Petitioner having received a harsher sentence at his last trial than at his previous trial. [Entry #11-3 at 162–174].

Petitioner appealed from the denial of PCR. [Entry #11-14]. Appellate Defender Kathrine H. Hudgins, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and filed a *Johnson*[3] petition for writ of certiorari in the South Carolina Supreme Court on December 16, 2009 [Entry #11-15], raising the following issue: "Did the PCR judge err in refusing to find appellate counsel ineffective in failing to challenge the enhanced sentence following a successful appeal and re-trial?" [Entry #11-15 at 3]. Attorney Hudgins certified to the court that she had briefed the one arguable legal issue pursuant to *Johnson*, that the appeal from the PCR court's order of dismissal was without merit, and asked to be relieved as counsel. [Entry #11-15 at 9]. Petitioner did not file a *pro se* response to the *Johnson* petition.

On March 3, 2011, the South Carolina Supreme Court denied counsel's petition to be relieved and directed the parties to address the following question: "Was appellate counsel ineffective in not arguing on direct appeal that the harsher sentence imposed after petitioner's successful appeal and retrial was vindictive?" [Entry #11-18]. On July 12,

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).

2011, Petitioner, through counsel, filed a petition for writ of certiorari on this question. [Entry #11-19]. By order filed March 9, 2012, the South Carolina Supreme Court denied the petition for writ of certiorari. [Entry #11-21]. The remittitur was issued on March 27, 2012. [Entry #11-22].

Petitioner filed this federal petition for a writ of habeas corpus on August 17, 2012. [Entry #1].[4]

II.     Discussion

    A.     Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Did the prosecutor violate Petitioner's rights when he sought armed robbery indictment when original was attempted armed robbery?

    Supporting Facts: Petitioner was convicted of armed robbery in 2001. After an appeal the South Carolina Court of Appeals ruled that the indictment only alleged attempted armed robbery. Prosecutor then obtained a new armed robbery indictment on the same day of trial and never disclosed it to Petitioner. Petitioner only learned of this new indictment during the direct appeal.

---

[4] The petition was received by the court on August 22, 2012, and docketed on August 23, 2012. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). Petitioner dated his petition on August 6, 2012, but deposited it in the prison mailing system on August 17, 2012. [Entry #1 at 15, #1-4 at 1].

**Ground Two:**   Was the increase of 9 years in Petitioner's sentence after successful appeal vindictive?

Supporting Facts: Petitioner went to jury trial in 2001 where he was found guilty. Petitioner was sentenced to 16 years. After a successful appeal, on the ground of subject matter jurisdiction, Petitioner was released. Prosecutor said through attorney that if Petitioner didn't plea, Petitioner would receive harsher sentence. Prosecutor scheduled Petitioner's fourth trial in front of a Judge notorious for harsh sentencing, where Petitioner received 25 years.

[Entry #1 at 5–7].

    B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

        a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>        (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>        (B)    (i) there is an absence of available State corrective

>   process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C.

2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

### b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. 722, 750 (1991), or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* --- U.S. ----, 129 S.Ct. 162 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th

Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    D.    Analysis

        1.    Procedurally-Barred Grounds

Respondent contends that Petitioner's Grounds One and Two are procedurally-barred. The undersigned agrees.

In Ground One, Petitioner alleges the solicitor violated his rights in seeking an armed robbery indictment when Petitioner was initially charged with attempted armed robbery. In Ground Two, Petitioner alleges that his 25-year sentence was the result of vindictiveness. Petitioner did not properly raise either of these issues in state court. To preserve such freestanding claims, Petitioner would have had to assert them at the trial level and pursue them on direct appeal. Petitioner failed to raise Ground One or Two at trial and thereby preserve them for appellate review. *Mizell v. Glover,* 570 S.E.2d 176, 180 (S.C.2002) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court."); *Perry v. Warden Broad River Correctional Inst.*, C/A No. 5:10–2346–TMC, 2012 WL 315644, at *8 (D.S.C., February 1, 2012). Petitioner raised only the allegation of ineffective assistance of appellate counsel in not arguing on direct appeal that the harsher sentence imposed after Petitioner's successful appeal and retrial was vindictive. *See Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519

(S.C.1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).  Under state court procedure, the state supreme court has held that such issues not presented to the trial judge are not preserved for consideration on appeal. *Harris v. State*, 581 S.E.2d 154 (S.C. 2003).

Therefore, to the extent that these grounds were not properly raised in state court, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review.  *See Coleman* (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

        2.     Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these grounds.  In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, Grounds One and Two are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young,* 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor

prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. 72, 88–91 (1977); *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Grounds One and Two. Petitioner had a trial, a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise this issue.  However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve the issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327

(1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, witnesses testified to the facts summarized in the Factual Background section above. In light of the foregoing, Petitioner cannot show actual innocence, and therefore, the procedural bar applies as to Grounds One and Two.

In *Kornahrens v. Evatt,* 66 F.3d 1350 (4th Cir.1995), the Fourth Circuit Court of Appeals held that once a claim is determined to be procedurally-barred, the court should not consider the issue on its merits. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a district court finds an issue to be procedurally-barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan,* 36 F.3d 8, 11 (4th Cir.1993). That is, once a court has determined that a claim is procedurally-barred, it should not stray into other considerations. Accordingly, based on the foregoing, the undersigned recommends that Petitioner's Grounds One and Two be dismissed as procedurally-barred.

III.    Conclusion

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #12] be granted.

IT IS SO RECOMMENDED.

February 27, 2013                                   Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

18

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).