IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Christopher Mark Stogner, ) | |
| ) | C/A No. 1:12-2432-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden John R. Pate, Allendale ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On August 17, 2012, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On February 27 2013, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice. (ECF No. 23). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (ECF No. 23 at 19). On March 15, 2013, Petitioner filed objections to the Magistrate Judge's Report. (ECF No. 26).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify,

---

[1] This date reflects the date stamped by the prison mailroom on the envelope containing the habeas petition. (ECF No. 1-4). *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Magistrate Judge sets forth the factual and procedural background. In short, Petitioner was originally charged with and convicted of armed robbery in 1996. However, on appeal, his conviction was vacated because the indictment failed to allege a taking or asportation. *State v. Stogner*, Op. No. 2002-UP-724 (S.C. Ct. App. filed Nov. 21, 2002). (ECF No. 11-23). The court found that the indictment alleged merely an attempt and the reference to the armed robbery statute did not cure the defect. *Id.* Petitioner was re-indicted for armed robbery on April 26, 2004. (App. 439-440). Proceeding pro se, Petitioner was tried by a jury on April 26-28, 2004, and found guilty of armed robbery.[2] He was sentenced to 25 years.

Petitioner raises two grounds for habeas relief in his petition, quoted verbatim:

**Ground One:** Did the prosecutor violate Petitioner's rights when he sought armed robbery indictment when original was attempting armed

---

[2] The jury was drawn on April 26th and the trial started on April 27th.

>robbery.
>
>**Supporting Facts:** Petitioner was convicted of armed robbery in 2001. After an appeal the South Carolina Court of Appeals ruled that the indictment only alleged attempted armed robbery. Prosecutor then obtained a new armed robbery indictment on the same day of trial and never disclosed it to Petitioner. Petitioner only earned of this new indictment during the direct appeal.
>
>**Ground Two:** Was the increase of 9 years in petitioner's sentence after successful appeal vindictive?
>
>**Supporting Facts:** Petitioner went to Jury trial in 2001 where he was found guilty. Petitioner was sentenced to 16 years. After a successful appeal, on the ground of subject matter jurisdiction, Petitioner was released. Prosecutor said through attorney that if petitioner didn't plea, Petitioner would receive harsher sentence. Prosecutor scheduled Petitioner's fourth trial in front of a Judge, notorius for harse sentencing, where Petitioner received 25 years.

(ECF No. 1 - Pet. at 5 and 7). The Magistrate Judge found Petitioner's claims procedurally barred because Petitioner did not properly raise either of these issues in state court at the trial level and he did not pursue them on direct appeal. (Report at 14).

In his objections, Petitioner contends that he raised the issue he asserts in Ground One "at the first chance he became aware of the new indictment, which was at the direct appeal stage, when [he] received the Record of Appeal." (Objections at 2). The court finds however that Petitioner has not overcome the procedural bar.

When a state prisoner has defaulted his federal claims in state court, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense,

3

which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 488.

The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id.* at 496. "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir.1996), aff'd, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir.1999). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). Additionally, the claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner has not shown sufficient cause and prejudice to excuse the default of the claim he raises in Ground One. The record does not support Petitioner's contentions that he did not become aware of the indictment until appeal. During jury selection, the trial judge noted that Petitioner was charged with armed robbery and he read the indictment into the record. (App. 10-11). Further, when questioning Petitioner about his desire to proceed pro se, the trial judge asked him if he understood that he was

4

charged with armed robbery and facing a maximum 30-year sentence and a 10-year minimum sentence. (App. 29-30). Petitioner responded affirmatively. *Id.* Additionally, prior to opening statements, the trial judge referring to the indictment, again noted that the State had charged Petitioner with robbery while armed with a deadly weapon. (App. 111-12). Moreover, Petitioner has not offered any new evidence to suggest that he is actually innocent. Accordingly, this claim is barred from federal habeas review.

As to Ground Two, in his objections, Petitioner contends that he raised the issue of whether his longer sentence following his re-trial was vindictive when he requested the trial judge reconsider his sentence and he raised it in his pro se brief on appeal. (Objections at 2). However, as the Magistrate Judge noted, Petitioner did not raise this issue on direct appeal. (Report at 14). In his PCR appeal, Petitioner raised the allegation of ineffective assistance of appellate counsel for failing to argue on direct appeal that a harsher sentence had been imposed on re-trial. Issues that relate to trial court error cannot be raised in state PCR proceedings absent a claim of ineffective assistance of counsel. *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C.1993) (holding in PCR petitioner cannot assert any issues that could have been raised at trial or on direct appeal).

Moreover, that court notes that the Petitioner's issue is without merit. In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court held that vindictiveness against a defendant for seeking appellate review and obtaining a new trial must not be a factor in sentencing. The Court held that whenever a harsher sentence is imposed after a retrial, the reasons for the harsher sentence, and the factual data underlying the reasons, must affirmatively appear. *Id.* at 726. More recently, the Supreme Court held

5

in *Texas v. McCullough*, 475 U.S. 134 (1986), that the *Pearce* presumption arises from the trial judge's "personal stake" in the original conviction, and may be inapplicable when the second sentencer is a different trial judge. *Id.* at 980. In the absence of the *Pearce* presumption, a defendant must prove actual vindictiveness to obtain relief. *Wasman v. United States*, 468 U.S. 559 (1984).

As the state PCR court found, there is nothing in the record that suggests Petitioner's second sentence was based on anything other than proper sentencing considerations. The state courts' disposition of this claim was not contrary to, nor an unreasonable application of, established federal law, or based on an unreasonable determination of facts, and accordingly, even if this claim was not procedurally bared, Petitioner would not be entitled to federal habeas relief as to this claim.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

### Conclusion

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit.

6

Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Respondent's Motion for Summary Judgement is **GRANTED** and this Petition is **DISMISSED** with prejudice. It is further ordered that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

Anderson, South Carolina
April 16, 2013